# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SEC. LITIG. | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:21-cv-00751-DAE |
| This Document Relates To: | ) |
| ALL ACTIONS | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Quanterix Corporation c/o The Corporation Trust Company
1209 Orange Street, Wilmington, DE 19801

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: BLUE MARBLE LOGISTICS<br>800 King Street, Suite 102<br>Wilmington, DE 19801 | Date and Time:<br><br>07/13/2023 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/13/2023

CLERK OF COURT

_____        OR        _____
_Signature of Clerk or Deputy Clerk_                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Lead Plaintiff
Mohamman Bozorgi and Additional Plaintiff Ken Calderone _____ , who issues or requests this subpoena, are:
Megan A. Rossi, 655 W. Broadway, Suite 1900, San Diego, CA 92101; mrossi@rgrdlaw.com, 619/231-1058

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-cv-00751-DAE

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(Quanterix Corporation)**

## I.      DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.      "Action" refers to the lawsuit docketed under the caption *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE.

2.      "All," "any," and "each" shall each be construed as encompassing any and all.

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      "Cassava" or the "Company" refers to Cassava Sciences, Inc., any of its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, accountants and advisors, and all other persons acting or purporting to act on its behalf.

5.      "Citizen Petition" refers to the Citizen Petition dated August 18, 2021, and filed with the United States Food and Drug Administration on or about that time by attorneys at Labaton Sucharow LLP, which raised concerns on behalf of Drs. David S. Bredt and Geoffrey Pitt regarding Simufilam.  The Citizen Petition includes each supplement to the Citizen Petition, including those dated on or about August 30, 2021, September 9, 2021, November 17, 2021, and December 8, 2021.

6.      "Communication" or "communications" means emails, text messages, letters, chat logs, recordings, or any other transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including any attachments thereto.

7.      "Concerning" means in connection with, referring to, relating to, describing, evidencing, reflecting, mentioning, supporting, contravening, embodying, touching upon, assessing, stating, recording, summarizing, or constituting.

- 1 -

8.    "Defendants" refers to Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen.

9.    "Document" or "documents" shall have the broadest meaning permissible under Federal Rule of Civil Procedure 34(a)(1)(A) and shall include, but be limited to, any and all communications, writings, drawing, graphs, charts, photographs, sound recordings, images, other data or data compilations, and electronically stored information.  A draft or non-identical copy is a separate document within the meaning of this term.

10.    "Dr. Wang" refers to Dr. Hoau-Yan Wang, Ph.D. and any employee, agent or person acting on his behalf.

11.    "Electronically stored information" or "ESI" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including any word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "email," operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts or any miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file, or file fragment.  "Electronic data" also includes, without limitation, any items stored on computer memory or memories, hard drives, zip drives, CD-ROM discs or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

- 2 -

12.     "Employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, investment bankers, consultants, advisors, representatives, agents, trustees, independent contractors, assigns, businesses or similar persons or entities.

13.     "Individual Defendants" refers to Remi Barbier, Lindsay Burns, and Eric J. Schoen.

14.     "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone or by any other electronic means) for any purpose, whether such presence was by chance or prearranged, and whether the meeting was formal or informal, or occurred in connection with some other activity.

15.     "Person" or "persons" means any natural person or any legal entity, including, without limitation, any business, corporation, partnership or governmental entity or association.

16.     "Quanterix," "you," or "your" means Quanterix Corporation, and any of its divisions or affiliates, predecessors, successors, present and former officers, directors, executives, employees, agents, attorneys or advisors, and all other persons acting or purporting to act on Quanterix's behalf.

17.     "SavaDx" refers to Cassava's secondary investigational diagnostic product candidate, a blood-based biomarker/diagnostic to detect Alzheimer's disease.

18.     "Simufilam" or "PTI-125" refers to Cassava's lead product candidate, a small molecule drug for the treatment of Alzheimer's or other neurodegenerative diseases.

19.     "Source Data" means the actual data acquired during the experimental process.  For blots, this constitutes the actual piece of X-ray film, or, if the data were acquired digitally, the original scan of the complete blot in the file format in which it was originally saved, in the proprietary format generated by the imaging system.  For micrographs, the Source Data constitute an image file containing the complete microscope field as it was originally saved by the imaging system

- 3 -

in the proprietary format generated by the imaging system.  Images that have been cropped and/or imported into another application to compose a labelled figure do not constitute Source Data. Source Data for digital images also includes the metadata to the Source Data, including logging data documenting changes made to the digital image files.

## II.     INSTRUCTIONS

1.     In responding to these requests, you shall produce responsive documents and electronic data that are in your possession, custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates or any of your respective partners, directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.  A document or electronic data is within your control if you have the right to secure the document or electronic data or a copy of the document or electronic data from another person having possession or custody of the document or electronic data.

2.     You are required to produce for inspection and copying original documents and electronic data as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to electronic data, in their native format as explained in more detail below.  In the case of documents that were already produced pursuant to federal, state, or local governmental or administrative investigations, those documents may be produced in the same manner as they were previously produced by you.  If the original is not in your custody, you are required to provide a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

3.     Your response must either state that inspection and related activities will be permitted as requested, or state with specificity the grounds for objecting to the request, including the reasons for the objection.  Where you are objecting to a request, you must state whether any responsive

- 4 -

materials are being withheld on the basis of that objection. Where you are objecting to only part of the request, you must state with specificity which part of the request you are objecting to, and permit inspection of the rest.

4.      If a document, electronic data, or information is withheld pursuant to a claim of privilege, as to each such withheld document or information state the following:

(a)      The privilege claimed;

(b)      A precise statement of the facts upon which said claim of privilege is based, including sufficient information to evaluate the nature or validity of the privilege claimed;

(c)      The following information describing each purportedly privileged document: (i) the name(s) of the author(s); (ii) the name(s) of the sender(s); (iii) the name(s) of the person(s) to whom the document and copies, if any, were sent; (iv) the job title of each individual identified in (i), (ii), and (iii) above; (v) a brief description of the nature and subject matter of the document; and (vi) the nature of the privilege; and

(d)      A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

5.      If a portion of any document or electronic data responsive to these requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.      You are to produce each document requested herein in its entirety, with attachments and enclosures without deletion or excision (except as qualified by Instruction Nos. 4 and 5 above) regardless of whether you consider the entire document to be relevant or responsive to the requests. All pages now stapled or fastened together should be produced, stapled or fastened together, and each document that you cannot legibly copy should be produced in its original form. Documents not

- 5 -

otherwise responsive to any of the discovery requests herein must be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document or group of documents.

7.      Whenever a document or electronic data is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

8.      If a document responsive to these requests was at any time in your possession, custody, or control, but is no longer available for production, as to each such document, state the following information:

(a)      Whether the document is missing or lost;

(b)      Whether it has been destroyed;

(c)      Whether the document has been transferred or delivered to another person and, if so, at whose request;

(d)      Whether the document has been otherwise disposed of; and

(e)      A precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

9.      If in responding to these requests you claim any ambiguity in interpreting a request or a definition or instruction applicable thereto, such a claim shall not be utilized by you as a basis for

refusing to produce responsive documents, but set forth as part of your response to the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

10.     Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside of its scope:

(a)     The use of a verb in any tense shall be construed as the use of the verb in all other tenses;

(b)     The use of the word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

(c)     The use of the words "any," or "all" shall be construed to include within their use "any," "some," "each," or "all"; and

(d)     The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary.

11.     For each request to which you are providing documents, your response must identify the particular responsive documents by Bates number.

12.     In responding to these Requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

13.     In accordance with Federal Rule of Civil Procedure 26(b)(5), if any responsive documents are withheld on a claim of privilege, that claim must be expressly made and any withheld materials described in such a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim.

## III.     PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard-copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database

- 7 -

load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  Multi-page OCR text for each document should also be provided.  The OCR software shall maximize text quality.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## IV.      PRODUCTION OF ESI

1.      Format: Except where otherwise noted in this section, electronically stored information ("ESI") should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images.  Spreadsheet and presentation type files, audio and video files, photo or graphic images, and documents with tracked changes reflected in the metadata should be produced in native format.  Short message communications (*e.g.*, text messages, WhatsApp, Slack, iMessage, Teams, G-Chat, Bloomberg, etc.) will be produced in RSMF with all available metadata and attachments.  Except for messages that contain privileged content, the complete communication will be produced, separated into 24-hour increments.  To the extent RSMF cannot be provided, the parties shall meet and confer on the appropriate metadata fields and format of production.  If an original document being produced in image format contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.  Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.  TIFFs/JPGs should show any and all text, hidden content, and images that would be visible to the reader using the native software that created the document.  For example,

- 8 -

TIFFs/JPGs of email messages should include the BCC line, and documents should display comments and hidden content.

2.      Format – Native Files: If a document is produced in RSMF or in native format, a single-page, Bates stamped image slip sheet stating the document has been produced in native format should also be provided, with the exception of PowerPoint presentations.  PowerPoint documents should be produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes.  Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

3.      De-Duplication: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field should list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document.  Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4895-1637-0026.v1

4.      Technology-Assisted Review: Predictive coding/technology-assisted review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5.      Metadata: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto.  The metadata produced should have the correct encoding to enable preservation of the documents' original language.  For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, Google Docs, etc., the parties should meet and confer as to the appropriate metadata fields to be produced.

6.      Embedded Objects: Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved.  The embedded files should be marked with a "YES" in the load file under the "Is Embedded" metadata field.  The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

7.      Attachments: If any part of an email or its attachments is responsive, the entire email and attachments should be produced, except any attachments that must be withheld or redacted on the basis of privilege.  The parties should meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege.  The attachments should be produced sequentially after the parent email.  The parties shall use their best efforts to collect and produce point-in-time documents that are links in documents and emails, including, but not limited to, Google G Suite, Microsoft 365, etc.  Documents extracted from links shall be populated with the BEGATTACH and ENDATTACH metadata fields to show the

family relationship.  If documents cannot be extracted from links at the time of collection, the Parties agree to promptly meet and confer to discuss alternative methods of collection and production.

8.      Compressed File Types: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

9.      Structured Data: To the extent a response to discovery requires production of electronic information stored in a database, the parties should meet and confer regarding methods of production.  Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

10.     Exception Report: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type, and the file location.

11.     Encryption: To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

12.     Redactions: If documents that the parties have agreed to produce in native format need to be redacted, the parties should implement redactions while ensuring that proper formatting and usability are maintained.  Spreadsheets requiring redaction should be redacted using native redaction software and produced in native format.

## V.     RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the requests herein refer to the period from January 1, 2020 to the present (the "Relevant Period"), and shall include documents and information that relate to such period, even if dated, prepared, generated, used, published or received outside of the Relevant Period.  If a document prepared before this period is necessary for a correct or complete

- 11 -

understanding of any document covered by a request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI.    DOCUMENTS REQUESTED

REQUEST NO. 1:

Quanterix's Source Data retention policies concerning the collection, preservation, storage, custody, control, maintenance, destruction, or alteration of Source Data related to Simufilam, SavaDx, or Cassava.  This request is without limitation by the Relevant Period.

REQUEST NO. 2:

All documents concerning the destruction of any Source Data, and whether or not their destruction complied with Quanterix's Source Data retention policies, related to Simufilam, SavaDx, or Cassava.  This request is without limitation by the Relevant Period.

REQUEST NO. 3:

All documents concerning the results of Cassava's September 2019 Phase 2b clinical data regarding Simufilam.

REQUEST NO. 4:

All documents, including drafts, relating to Cassava that were publicly disseminated, including, but not limited to:

(a)    all press releases, including, but not limited to, your August 27, 2021 press release and Cassava's August 27, 2021 press release;

(b)    all recordings, transcripts, or summaries of electronic media broadcasts concerning Cassava; and

(c)    all print media clippings and reproductions concerning Cassava.

REQUEST NO. 5:

All documents, including drafts, concerning Cassava's poster entitled "SavaDx, a Novel Plasma Biomarker to Detect Alzheimer's Disease, Confirms Mechanism of Action of Simufilam," presented at the 2021 Alzheimer's Association International Conference.

REQUEST NO. 6:

All Source Data for the images, and data underlying the charts, in Cassava's poster entitled "SavaDx, a Novel Plasma Biomarker to Detect Alzheimer's Disease, Confirms Mechanism of Action of Simufilam," presented at the 2021 Alzheimer's Association International Conference, including, but not limited to, Figure 4, Figure 5, Figure 2, and Figure 1.

REQUEST NO. 7:

All documents and communications concerning Quanterix's responsibilities for Cassava's September 2019 Phase 2b clinical data regarding Simufilam.

REQUEST NO. 8:

All documents regarding any Internet postings by or on behalf of Quanterix concerning Cassava, Simufilam, or SavaDx.

**TABLE 1: METADATA FIELDS[1]**

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001  (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003  (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001  (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008  (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business.  This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e.  //Smith.pst/Inbox<br>        /Network Share/Accounting/…<br>        /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business.  This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item.  An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>: tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item.  An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>: tjones@email.com | The display name and email address of the copyee(s) of an email/calendar item.  An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>: tjones@email.com | The display name and email address of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe: Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document.  The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in.  **NOTE:** This should be the time zone where the document was located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC0000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document.  There should be a folder on the deliverable, containing a separate text file per document.  These text files should be named with their corresponding Bates numbers. **Note**: Emails should include header information: author, recipient, cc, bcc, date, subject, etc.  If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1]For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.